UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DTND SIERRA INVESTMENTS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-12-CV-1014-XR |
| | § | |
| BANK OF NEW YORK MELLON TRUST | § | |
| COMPANY, N.A., ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On this date, the Court considered Plaintiff's motion to remand (docket no. 9).

### Background

Plaintiff DTND filed its "Suit to Remove Cloud and Quiet Title, Petition for Declaratory Relief and Damages, and Application for Temporary Restraining Order" in Bexar County District Court on October 1, 2012.  The petition seeks to declare invalid the Substitute Trustee's Deed and claim by Defendants Bank of New York Mellon Trust Company ("BONY"), Cathy Goodwin, Patricia Huntley, and Lee Huntley in order to quiet title to property.  The petition alleges that Lee and Patricia Huntley executed a deed of trust on property located at 1802 Three Forks, San Antonio in 2003, and "on information and belief" defaulted in 2004.  At or near the same time, "on information and belief," the Huntleys defaulted on their homeowners' association assessments.  As a result, the HOA foreclosed on December 7, 2004, and sold the property to DTND on June 30, 2011, and DTND recorded the Special Warranty Deed.  On January 3, 2012, BONY conducted a foreclosure sale and "currently seeks to wrest possession of the property from Plaintiff's tenants."  DTND asserts that it

1

seeks "to invalidate the lien and Substitute Trustee's Deed filed on February 9, 2012 and quiet Plaintiff's title" because Defendant's lien was not perfected prior to the HOA foreclosure, BONY's claims to the property under the deed of trust are barred by limitations, and Plaintiff has obtained the property through adverse possession. Plaintiff also seeks a declaratory judgment, injunctive relief, and asserts violations of the Texas Debt Collection Practices Act.

Defendant BONY removed this case to this Court on October 23, 2012, asserting diversity jurisdiction because Plaintiff is a citizen of Texas and BONY is a citizen of California. BONY contends that although Goodwin and the Huntleys are Texas citizens, they are improperly joined and their citizenship must be disregarded. BONY also filed a motion to dismiss. Plaintiff filed an Amended Complaint on November 14, 2012.[1] On November 19, 2012, Plaintiff filed an Opposed Motion to Remand, arguing that complete diversity of citizenship is lacking, and that the Court "should look to the Plaintiff's First Amended Complaint" in determining whether Plaintiff has stated a claim for purposes of jurisdiction.

## Analysis

A.   This Court obtained jurisdiction at the time the notice of removal was filed

In its Notice of Removal, BONY contends that the citizenship of Defendants Goodwin and the Huntleys should be disregarded "for purposes of removal" because they have not yet been served, citing 28 U.S.C. § 1441(b). However, BONY conflates the forum-defendant rule with the

---

[1] Rule 15 allows a plaintiff to file an amended complaint as of right within 21 days of service of a 12(b)(6) motion. Rule 6(d) provides that, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Because BONY served its motion to dismiss under Rule 5(b)(2)(E), Plaintiff had until November 16 to file an amended complaint without leave of court.

requirement of original jurisdiction.  Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  This codifies the forum-defendant rule, which precludes removal on the basis of diversity jurisdiction if any properly joined and served defendant is a citizen of the forum state.  However, it does not alter the fundamental rule that a removing defendant must demonstrate diversity of citizenship among the parties, whether served or unserved.[2]  For the forum-defendant rule to even be triggered, the civil action must be "otherwise removable solely on the basis of" diversity jurisdiction.  Thus, the Court must consider these parties in determining whether it has diversity jurisdiction over this removed action.

"The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  A diverse defendant may establish improper joinder by "showing 'the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  To determine whether there is no reasonable basis to predict that the plaintiff might be able

---

[2] When evaluating whether diversity exists, a court cannot ignore a defendant's citizenship simply because the defendant has not yet been served. *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). Thus, "[a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant." *Id.* "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id.*; *see also* 14B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3723 (4th ed. 2012) ("A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal to federal court. It is insufficient, for example, that service of process simply has not been made on a non-diverse party[.]").

to recover against a non-diverse defendant, the Court evaluates whether the plaintiff could survive a hypothetical Rule 12(b)(6) challenge to the claim, looking initially to the allegations in the petition to determine whether, under state law, the petition states a claim against the non-diverse defendant. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).  In a few cases, in which a plaintiff has stated a claim but has misstated or omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.  *Id.*

BONY asserts that Goodwin is improperly joined, correctly noting that the original petition states no claim against her.  The original petition does not even mention Goodwin other than to allege her citizenship and to seek an injunction against her.  Plaintiff's motion to remand concedes that the original petition "failed to clearly spell out the claims asserted against Defendant Goodwin."  Docket no. 9 at 3.  The Court finds that the state-court petition fails to state a claim against Goodwin. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260-61 (5th Cir. 1995) (holding that petition that named defendant in the caption and introductory paragraph but failed to allege any specific facts or claims against the defendant failed to state a claim).

As to the Huntleys, BONY correctly notes that the only claim asserted against the Huntleys is a declaratory judgment claim seeking a declaration that the Huntleys' interest in the property was extinguished by the HOA foreclosure sale.  This Court has previously concluded that similar claims asserted by DTND against the prior homeowners did not destroy diversity jurisdiction because the claims were not ripe insofar as the homeowners had not asserted any continuing interest in the property or, in the alternative, the homeowners were at most nominal parties.  *See, e.g.*, SA:12-CV-950-XR *DTND v. Bank of America*; SA:12-CV-1024-XR *DTND v. Bank of New York Mellon*.

4

B.  Plaintiff's post-removal  amended complaint does not divest the Court of diversity jurisdiction

Plaintiff contends that the amended complaint cures any defect in the original pleadings.  The amended complaint alleges that Goodwin approached DTND's tenants and falsely told them that DTND never owned the property, that DTND was scamming them, and that they needed to leave the property, causing the tenants to break their lease with DTND.  Plaintiff argues that it now states a claim against the non-diverse Defendant Goodwin, and that the case must therefore be remanded for lack of diversity jurisdiction.

Plaintiff contends that it has not amended the complaint to fraudulently divest the court of jurisdiction, and cites to *Cobb v. Delta Exports*, 186 F.3d 675, 677 (5th Cir. 1999), for the allegedly "well settled" proposition that "a Plaintiff can file an Amended Complaint in order to defeat diversity jurisdiction so long as the Amendment is not done so fraudulently."  However, *Cobb* dealt with a situation in which a party sought to *join* a non-diverse defendant after removal[3], not whether a plaintiff may amend pleadings after removal to state a claim against an existing, non-diverse defendant when the original pleading upon which removal is based fails to state a claim.  *See Cobb*, 186 F.3d at 677 ("The fraudulent joinder doctrine does not apply to joinders that occur after an action is removed. This court's caselaw reflects that the doctrine has permitted courts to ignore (for jurisdictional purposes) only those non-diverse parties on the record in state court at the time of removal.").[4]  Thus, *Cobb* does not apply.

---

[3] Title 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

[4] Defendant argues that Goodwin is fraudulently joined because the allegations in the amended complaint cannot survive a 12(b)(6) inquiry.  However, a fraudulent joinder analysis must

Rather, the relevant case law is that developed in the context of amended pleadings filed or proposed after a removal based on diversity jurisdiction when the non-diverse defendant was already a party before removal.  In that context, the Fifth Circuit has rejected the argument that "after a fraudulent joinder removal, a plaintiff may amend the complaint in order to state a claim against the nondiverse defendant, and thus divest the court of jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256,  265 (5th Cir. 1995).[5]

At least one district court has concluded that *Cavallini* does not apply in a case such as this one, where the plaintiff has filed an amended complaint as of right under Rule 15.  In *LC Farms, Inc. v. McGuffee*, Civ. A. No. 2:12-CV-165, 2012 WL 5879433 (N.D. Miss. 2012), the court concluded that *Cavallini* is "less than ironclad" because "the district court there was in a position to deny the plaintiffs' attempt to amend the complaint and the court was therefore never faced with a situation in which it actually had to retain diversity jurisdiction even after it had been destroyed." *Id.* at *2. The court was unable to find any authority "to disregard an amendment made as a matter of course, which rehabilitated a previously deficient claim against a party present in the state court complaint." *Id.*  Because the plaintiff was permitted to amend as a matter of right under Rule 15(a), the court felt it had no discretion to deny or allow the amendment and was "even more convinced that the presence of the non-diverse defendant affects the court's jurisdiction despite the fact that an amendment was made post-removal." *Id*. at *4.   The court therefore considered the amended complaint and

_____

not be used to evaluate a post-removal amended pleading. *See Cobb*, 186 F.3d at 677.

[5] *See also Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (rejecting argument that post-removal affidavit could establish a claim that was not presented in the state-court pleading because "[p]ost-removal filings may not be considered . . . when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." ); *Murray v. General Motors, LLC*, 478 Fed. App'x 175, *3 (5th Cir. 2012).

determined that diversity was lacking and that remand was required.[6]

The *LC Farms* court correctly notes that *Cavallini* did not involve an amended complaint that had been filed as of right; rather, the motion for leave to amend was denied and the non-diverse defendant was dismissed. However, some basic principles outlined in *Cavallini* nevertheless apply. The Court noted that, in conducting the improper joinder inquiry, "[o]ur sole concern is whether there is a possibility that [the plaintiffs] ha[ve] set forth a valid cause of action" against the non-diverse defendant, and we do so by evaluating "all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff" and then examining "relevant state law and resolving all uncertainties in favor of the nonremoving party." *Cavallini*, 44 F.3d at 259. The district court held that, as of removal, the state court petition did not allege a cause of action against the nondiverse defendant, and the plaintiffs argued that their later motion to amend the complaint should have been granted and the amended complaint considered in ruling on the fraudulent joinder/remand issue. The Fifth Circuit agreed that the state-court petition did not contain allegations that could support a claim against the nondiverse defendant insofar as it contained no specific factual allegations related to him.

The court rejected the argument that post-removal affidavits could be considered to determine

---

[6]Similarly, in *Mills Group Ltd. v. Oceanografia*, Civ. A. No. H-08-3449, 2009 WL 3756931 (S.D. Tex. Nov. 6, 2009), the court concluded that it had removal jurisdiction based on diversity where there were no allegations of wrongdoing against the non-diverse defendant, Con-Dive. The court denied the plaintiff's motion to remand but did not dismiss Con-Dive as a named defendant in the lawsuit. Plaintiff later filed its Third Amended Complaint, in which it alleged a factual basis for and asserted claims against Con-Dive. The court concluded that the live complaint "clearly contains claims by a Texas plaintiff against a Texas defendant" and thus there was no complete diversity. *Id.* at *2. The court distinguished *Cavallini* because the motion for leave to amend in *Cavallini* was denied and "there was no active pleading in which the plaintiff in federal court was asserting factually-supported claims against and seeking recovery from a nondiverse defendant." *Id.* at *2.

whether a claim had been stated against the nondiverse defendant under a legal theory not alleged in the state-court complaint.  The court also rejected the plaintiffs' argument that the proposed amended complaint should have been considered in determining whether a claim was stated.  It reasoned, "The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious.  Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved."  *Id.*  The Court further noted that this rule was consistent with Congress's intent to resolve removal issues swiftly, and noted that "citizenship for purposes of diversity jurisdiction is fixed as of when the action is filed," consistent with the need for certainty, avoidance of delay, and finality in resolving jurisdiction.  *Id.* at 264 n.16.

The Court then considered the plaintiffs' argument that *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia*, 988 F.2d 559 (5th Cir. 1993), which held that post-removal information could be considered in examining the facts as of the time of removal, permitted consideration of the amended complaint.  The Court noted that *Dow* recognized the well-settled principle that "a plaintiff may not defeat removal by subsequently *changing* his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached," but held that courts could consider post-removal information to examine the facts as of the time of removal.  But since the plaintiff's complaint stated no allegations against the non-diverse defendant, the proposed amended complaint could not be used for clarification.  The Court stated, "The Cavallinis' proposed amended complaint does not clarify the jurisdictional facts at the time of removal; it attempts instead to amend away the basis for federal jurisdiction.  *Dow* is not

8

contrary to the general rule that removal jurisdiction should be determined on the basis of the state court complaint at the time of removal, and that a plaintiff cannot defeat removal by amending it. Restated, *Dow* does not stand for the proposition that, after a fraudulent joinder removal, a plaintiff may amend the complaint in order to state a claim against the nondiverse defendant, and thus divest the federal court of jurisdiction." *Id*. at 265.  Thus, although the amended complaint in *Cavallini* was never filed, the decision suggests that, if removal was proper because the state-court pleading utterly failed to state a claim against the non-diverse defendant, such that the federal district court obtained jurisdiction, the plaintiff may not then divest the court of jurisdiction by filing an amended complaint that states a claim against the non-diverse defendant.

It appears clear at least that removal was proper and jurisdiction attached at the time of removal because the non-diverse defendants were improperly joined.  The question is thus whether the filing of the amended complaint as of right to include claims against a pre-existing, non-diverse defendant is sufficient to defeat jurisdiction.  The Fifth Circuit has noted that

> some subsequent developments in a case do not affect a court's prior-existing jurisdiction. *See In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed.").  For example, amendment of a complaint to reduce the damages claimed below the jurisdictional amount or to eliminate a federal question does not oust a court of jurisdiction (absent sham pleading), nor does destruction of diversity by a party's change in citizenship or in certain instances by intervention of a new party.  On the other hand, other developments in a case will divest the court of jurisdiction. *E.g., Merrimack*, 587 F.2d at 646, 647 n.8 (addition of a nondiverse party); Wright & Miller, Federal Practice and Procedure s 3608, at 657-58 (1971) (same); *Texas Transp. Co. v. Seeligson*, 122 U.S. 519, 7 S.Ct. 1261, 30 L.Ed. 1150 (1887) (under old law, elimination of diverse claim in a multi-claim suit results in remand of nondiverse claims).

*IMFC Prof'l Servs. of Florida v. Latin Am. Home Health*, 676 F.2d 152, 157 (5th Cir. 1982) (some

9

citations omitted); *see also Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) ("[M]ost post-removal developments – amendment of pleadings to below jurisdictional amount or change in citizenship of a party – will not divest the court of jurisdiction but an addition of a nondiverse defendant will do so.").

The *LC Farms* court concluded that the filing of an amended complaint as of right that stated claims against the pre-existing, non-diverse defendant was a post-removal event that defeated diversity jurisdiction. However, *Cavallini* indicates otherwise. The relevant time for determining jurisdiction remains removal, and the relevant pleadings are those in place at the time of removal. Although it seems in tension with the requirements of diversity jurisdiction to maintain jurisdiction over a case that asserts claims against a non-diverse defendant, the Court finds it analogous to situations in which it becomes clear after removal that the amount in controversy does not exceed $75,000 or a party changes citizenship. Such post-removal changes do not divest the court of jurisdiction, so long as jurisdiction existed at the time of removal.

The exception to the general rule that post-removal developments do not defeat jurisdiction is for joinder of new, non-diverse parties. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Fifth Circuit has held that "join" means joinder under Rule 19 or substitution of a party for a *Doe* defendant. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001). But the Court is not aware of any decision in which the Fifth Circuit or Supreme Court has held that a post-removal filing of an amended complaint to state a claim against a pre-existing, non-diverse, improperly joined defendant would defeat removal, and *Cavallini* indicates that it does not.

10

Accordingly, Defendant Goodwin was improperly joined at the time of removal, and the new allegations against her in the amended complaint cannot be considered for purposes of the motion to remand, such that Goodwin's presence does not defeat the Court's diversity jurisdiction. Because Defendants Goodwin and the Huntleys were improperly joined at the time of removal, their citizenship is disregarded for determining whether removal was proper. Accordingly, this Court had diversity jurisdiction at the time of removal and Plaintiff's post-removal amendments to the complaint with regard to Defendant Goodwin fail to destroy that jurisdiction.

### Conclusion

Plaintiff's motion to remand (docket no. 9) is DENIED. Plaintiff's motion to stay consideration of the motion to dismiss pending a decision on the motion to remand is dismissed as moot (docket no. 10). However, Plaintiff will be given until February 18, 2013 to file a response to the motion to dismiss (docket no. 11).

It is so ORDERED.

SIGNED this 4th day of February, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE